UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HOLLY FLOR,                          :
                                     :
     Plaintiff,                      :
                                     :
v.                                   :   CASE NO. 3:05-CV-1478 (RNC)
                                     :
HENRY LEWIS MARINO,                  :
                                     :
     Defendant.                      :

RULING AND ORDER

Plaintiff Holly Flor brings this action pursuant to 42 U.S.C. § 1983 against a New Milford police officer, Henry L. Marino, alleging violations of her Fourteenth Amendment rights to procedural and substantive due process and equal protection. Officer Marino has moved for summary judgment [doc. # 48]. Plaintiff has not responded. For the reasons that follow, the motion is granted.

I.  Summary Judgment

Summary judgment is proper when there is "no genuine issue as to any material fact" and the movant is "entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). To avoid summary judgment, the opposing party may not rely on "conclusory allegations or unsubstantiated speculation." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005). When the opposing party fails to respond, the movant's factual assertions may be accepted as true. See D. Conn. L. Civ. R. 56(a)(1). Even when a motion for summary judgment is unopposed, however, the district

court is not relieved of its duty to determine whether the movant is entitled to judgment as a matter of law. Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004).

II. Facts

As a result of plaintiff's failure to respond to defendant's motion, the following facts set forth in defendant's Local Rule 56(a)(1) statement are deemed admitted.

Plaintiff owns a car wash and multiple automobile garage bays at 107 Danbury Road in New Milford. From September 2001 to June 2003, she rented a portion of the property to Ernest Williams.

On January 3, 2003, Williams called the New Milford Police Department complaining that he had been locked out of his rented space. Officer Marino was dispatched to the scene. When he got there, plaintiff's handyman told him the locks on the building had been changed at plaintiff's request. Williams protested that no court had ordered an eviction. Officer Marino then spoke with the plaintiff by telephone. She said that Williams had been evicted and asked the officer to call her attorney, which he did. The attorney stated that, although steps had been taken to evict Williams, he was not sure an eviction order had been issued. Officer Marino responded that in the absence of an order, Williams was entitled to remain in possession of the property. Plaintiff soon arrived, met Officer Marino for the first time,

and gave Williams a key to the building. In fact, no eviction order had been issued and thus the attempted lock-out was illegal.[1]

In April 2003, Officer Marino was called to testify at a hearing convened for the purpose of determining whether William should be evicted from the premises at 107 Danbury Road. In response to questioning, the Officer testified that, although he had no personal relationship with Williams, he knew him "through police work." With the court's permission, he declined to elaborate, saying that to do so could "compromise some cases that [were] being worked on." In fact, the New Milford Police Department was then investigating Williams for suspected criminal activity.

The court conducting the eviction hearing found in Williams's favor. Two months later, Williams was finally evicted from the property.

III. Discussion

Plaintiff claims that Officer Marino violated her rights to procedural and substantive due process and equal protection by:

---

[1] Connecticut law proscribes the use of self-help remedies like changing locks to detain personal property of persons lawfully in possession of rented space. See Conn. Gen. Stat. § 47a-43 (2006). See also Daddona v. Liberty Mobile Home Sales, Inc., 550 A.2d 1061, 1068 (Conn. 1988); Karantonis v. Town of East Hartford, 804 A.2d 861, 864-65 (Conn. App. Ct. 2002). Nor may landlords retaliate against tenants who make good faith complaints to police in such circumstances. See Murphy v. Baez, 515 A.2d 383, 385-86 (Conn. Super. Ct. 1986).

(1) using Williams in an undercover capacity to investigate illegal narcotics activity, which caused him to conduct illegal drug activity on her premises; (2) intervening and causing substantial delay in her efforts to evict Williams; and (3) protecting Williams in his efforts to evade paying rent. Plaintiff has admitted that she has no basis for these allegations other than Officer Marino's conduct at 107 Danbury Road on January 3, 2003, and his testimony at the eviction hearing in April 2003. The undisputed facts described above concerning Officer Marino' conduct and testimony, viewed most favorably to the plaintiff, would not permit a jury to find that he had a relationship with Williams, delayed the eviction proceeding on his account, or helped him avoid paying rent. Lacking any other evidentiary basis at this stage, plaintiff's claims are too speculative to survive the motion for summary judgment. See Jeffreys, 426 F.3d at 554.

Plaintiff's claims must be dismissed for other reasons as well. The procedural due process claim fails because any deprivation of property that might have occurred was caused by Williams, not Officer Marino. The substantive due process claim fails because no reasonable jury could find that Officer Marino's conduct was illegal in any respect, much less so egregious as to be shocking. Finally, there is no evidence that Officer Marino enforced the statute prohibiting self-help evictions only against

the plaintiff.  Without such evidence, plaintiff cannot recover on the equal protection claim.

IV. <u>Conclusion</u>

Accordingly, the motion for summary judgment [doc. # 48] is hereby granted.  The Clerk may close the file.

So ordered this 9th day of July 2008.

/s/ RNC
Robert N. Chatigny
United States District Judge